(61 Misc. Rep. 77.)

### LEWINE v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.   November 24, 1908.)

1. MASTER AND SERVANT (§ 331*) — INJURIES TO THIRD PERSONS — EXEMPLARY DAMAGES—LIABILITY OF EMPLOYER—GROUNDS.

   In order to justify an award of punitive damages against an employer for a tort committed by his employé, the act of the servant must be wanton or malicious, and the employer must have participated in the act, or expressly or impliedly authorized or ratified it.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1273; Dec. Dig. § 331.*]

2. FALSE IMPRISONMENT (§ 40*)—INJURY TO THIRD PERSONS—EMPLOYER'S LIABILITY—INSTRUCTIONS—DAMAGES.

   In an action against a master for false imprisonment by a servant an instruction that the right of freedom of the person is inviolate, and, if infringed, should be punished in an exemplary manner, and, if plaintiff was falsely imprisoned, the jury could award punitive damages in such degree as, in its discretion, was proper, was erroneous as omitting the requirement that the tort must have been wanton or malicious and participated in by the master, and as tending to require the award of punitive damages.

   [Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 40.*]

Appeal from City Court of New York, Trial Term.

Action by Julius Lewine against the Interborough Rapid Transit Company. From a judgment for plaintiff, and an order denying a new trial, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Charles A. Gardiner (Vine H. Smith, of counsel), for appellant.
Boudin & Liebman, for respondent.

SEABURY, J. The plaintiff brought two actions against this defendant to recover damages. In one action the plaintiff sought to recover for an alleged false imprisonment, and in the other for an alleged assault. By stipulation between the attorneys for the parties these actions were tried together. The judgment recovered in favor of the plaintiff must be reversed because of an improper instruction

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

given to the jury in the charge of the court. The court in its charge to the jury said:

"The right of freedom of person is a right which in our jurisprudence we desire to hold inviolate, and, if infringed upon, is one that should be punished in an exemplary manner. If you believe that this plaintiff was unlawfully and falsely imprisoned, you may inflict to such a degree as, in your discretion, you believe proper, vindictive or punitive damages upon the defendant, to punish it for the acts of its servants which brought upon this plaintiff humiliation, mortification, embarrassment, and disgrace."

To this charge the defendant duly excepted. An employer is not liable for punitive damages for every false imprisonment or assault committed by his employé while acting within the scope of his employment. In order to justify an award of punitive or vindictive damages in such a case, there must be proof that the action of the servant was wanton or malicious, and that the employer was implicated with the servant in the commission of the tort, or that he had expressly or impliedly authorized or ratified the act of his employé. The charge in question was erroneous, in that it made no reference to the necessity for proof of such wanton or malicious conduct or to the implication of the employer in such conduct. It authorized the infliction of punitive damages if the jury found that "the plaintiff was unlawfully and falsely imprisoned." Such an instruction was prejudicial to the defendant, and calls for the reversal of this judgment. In Craven v. Bloomingdale, 171 N. Y. 439, 450, 64 N. E. 169, 172, the court, after reviewing the authorities which established the rule relative to the award of punitive damages, said:

"It is apparent that when the trial judge, in the case before us, having instructed the jury as to the law of compensatory damages, told them, in effect, that they had also the power, if they thought proper, to add to such a sum, as they fixed for compensation, an amount for punitive or vindictive damages, the jury were furnished no rule under which the latter damages could be assessed. They were simply told that they had the power to award them."

In the present case the charge is not only open to the objection that the court failed to define the circumstances under which the jury were authorized to award punitive damages, but also that the charge carried to the jury the intimation that they "should" award such damages.

The judgment is reversed and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs. MacLEAN, J., taking no part.